1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SOPHIA NICOLETTA,                          Case No.  2:24-cv-1915-DAD-JDP (PS)

12                 Plaintiff,

13        v.                                    ORDER

14   EXPERIAN INFORMATION
     SOLUTIONS, *et al.*,
15
                   Defendants.
16

17         Plaintiff brings this action against defendants Experian Information Solutions, Equifax,

18   Inc., and TransUnion, LLC, alleging that defendants violated Fair Credit Reporting Act

19   ("FRCA").  ECF No. 1.  The complaint's allegations are, for screening purposes, sufficient to

20   state a cognizable claim, and I will therefore direct service.  I will also grant plaintiff's

21   application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28

22   U.S.C. §§ 1915(a)(1) and (2).[1]

23                      **Screening and Pleading Requirements**

24         A federal court must screen the complaint of any claimant seeking permission to proceed

25   *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

26   dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

27

28   _____

         [1] Plaintiff has also filed motion that requests the status of this case.  ECF No. 3.  In light
     of this order, that motion is denied as moot.

                                          1

1  which relief may be granted, or seeks monetary relief from a defendant who is immune from such

2  relief.  *Id.*

3      A complaint must contain a short and plain statement that plaintiff is entitled to relief,

4  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

5  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

6  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

7  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

8  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

9  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

10  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

11  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

12  n.2 (9th Cir. 2006) (en banc) (citations omitted).

13      The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

14  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

15  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

16  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

17  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

18  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

19  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20                                    **Analysis**

21      Plaintiff alleges that in June 2019, she was notified that a credit card account with J.P.

22  Morgan Chase ("Chase") was added to her credit reports.  ECF No. 1 at 10.  She notified Chase

23  that she had not applied for the credit card, and Chase closed the account the following month.

24  *Id.*  She then sent a notice of dispute to each defendant and filed an identity theft report with the

25  Fairfield Police Department.  *Id.*  Defendants initially removed the Chase account information

26  from plaintiff's credit reports.  However, by August 2022, the information again appeared on her

27  credit reports.  *Id.*  On October 11, 2023, plaintiff submitted an identify theft report with the

28  Federal Trade Commission and the Consumer Financial Protection Bureau.  *Id.* at 11.  The

following day, she sent defendants a letter requesting the information be blocked because the account was opened due to identity theft.  *Id.*  She claims that notwithstanding her request, defendants failed to block or remove the Chase account information from her credit reports in violation of 15 U.S.C. § 1681c-2.

Section 1681c-2 of the FCRA requires a credit reporting agency ("CRA") to block reported information in a consumer's file that the consumer has identified as resulting from identify theft.  15 U.S.C. § 1681c-2.  A CRA's duty to block information is triggered after receipt of: "(1) appropriate proof of the identify of the consumer; (2) a copy of an identity theft report; (3) the identification of such information by the consumer; and a statement by the consumer that the information is no information related to any transaction by the consumer."  15 U.S.C. § 1681c-2(a).

Plaintiff alleges that on October 12, 2023, she sent a letter to each defendant asking that information related to the Chase account be blocked pursuant to 15 U.S.C. § 1981c-2.  ECF No. 1 at 17.  Appended to her complaint is a copy of the letter she sent to defendant TransUnion, which identifies the disputed account and states that plaintiff was a victim of identity theft.[2]  *Id.* at 31.  The letter also indicates that plaintiff enclosed copies of her driver's and the reports she filed with the Fairfield Police Department, Federal Trade Commission, and Consumer Financial Protection Bureau.  For purposes of screening, I find that the complaint states a claim for violation of 15 U.S.C. § 1681c-2 against each defendant.

Accordingly, it is hereby ORDERED that:

1.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

2.  Plaintiff's motion for status, ECF No. 3 is denied as moot.

3.  Service is appropriate on defendants Experian Information Solutions; Equifax, Inc.; and TransUnion, LLC.

4.  The Clerk the Court is directed to issue process and to send plaintiff an instruction

---

[2] Although plaintiff does not include a copy of the October 12, 2023, letters sent to Experian and Equifax, she does allege that she sent a letter to each defendant.  ECF No. 1 at 11. Liberally construing the complaint, it is reasonable to conclude that plaintiff sent the same letter to each defendant.

sheet for service of process by the United States Marshal, three USM-285 forms, a summons form, and an endorsed copy of plaintiff's complaint filed July 12, 2024.  ECF No. 1.

5.  Within sixty days after this order is served, plaintiff shall supply the U.S. Marshal all information needed by the Marshal to effect service of process.  The required documents shall be submitted directly to the United States Marshal either by personal delivery or by mail to:  United States Marshals Service, 501 I Street, Suite 5600, Sacramento, CA 95814 (tel. 916-930-2030). The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant, at least:

    a.  One completed summons;

    b.  One completed USM-285 form;

    c.  One copy of the endorsed complaint, with an extra copy for the U.S. Marshal; and

    d.  One copy of the instant order.

6.  In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on a defendant within ninety days of receiving this order the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

7.  Within twenty-one days after submitting the required materials to the United States Marshals Service, plaintiff shall file with this court a declaration stating the date on which plaintiff submitted the required documents to the United States Marshal.  Failure to file the declaration in a timely manner may result in an order imposing appropriate sanctions.

8.  Within sixty days after receiving the necessary materials from plaintiff, the United States Marshal is directed to serve process on defendants without prepayment of costs.

9.  Plaintiff is cautioned that the failure to comply with this order may result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   November 19, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE