UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SOPHIA NICOLETTA,

      Plaintiff,

  v.

EXPERIAN INFORMATION
SOLUTIONS, et al.,

      Defendants.

No.  2:24-cv-01915-DAD-JDP (PS)

ORDER ADOPTING IN FULL FINDINGS AND RECOMMENDATIONS AND DISMISSING THIS ACTION DUE TO PLAINTIFF'S FAILURE TO PROSECUTE

(Doc. Nos. 18, 22, 24, 25, 35)

Plaintiff Sophia Nicoletta is proceeding *pro se* and *in forma pauperis* in this civil action which she initiated by filing her complaint in this court on July 12, 2024.  (Doc. No. 1.)  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 21, 2025, the assigned magistrate judge issued findings and recommendations recommending that this action be dismissed due to plaintiff's failure to prosecute and abide by the court's orders and that all other pending motions be denied as having been rendered moot. (Doc. No. 35.)  Specifically, the magistrate judge noted that plaintiff had failed to file an opposition to defendant Trans Union LLC's motion for judgment on the pleadings, the court then issued an order to show cause and required her to file her opposition or statement of non-opposition to that

/////

1

motion by August 7, 2025 and warned plaintiff that her failure to do so would result in a dismissal of this action. (*Id.* at 1.)  Nonetheless, plaintiff failed to respond to that order in any way.  (*Id.*)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at 3.)  That time passed with no objections being filed.  However, on October 10, 2025, plaintiff filed untimely objections to the pending findings and recommendations.  (Doc. No. 36.)  On October 16, 2025, defendant filed a response to those objections.  (Doc. No. 37.)  In her objections plaintiff expresses surprise that the August 28, 2025 hearing on defendant's motion was vacated and claims that she did not receive "critical filings or court notices . . . in a timely manner.  (Doc. No. 36 at 1.)  Plaintiff  requests that, in light of her *pro se* status, this case be reopened and suggests that a settlement conference be scheduled.  (*Id.* at 1–2.)  However, plaintiff does not identify in her belated objections what "filings or court notices" she did not receive in a timely fashion nor does she provide any evidence in support of her claims in this regard.[1] Notably, plaintiff has never submitted a proposed opposition to defendant's motion for judgment on the pleadings.[2]  In short, plaintiff's objections provide no basis upon which to reject the magistrate judge's well-reasoned findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including plaintiff's objections and defendant's response thereto, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

---

[1]  In their response to plaintiff's objections defendant points out that plaintiff's untimely objections were submitted 50 days after the time in which to file her objections had expired, are completely conclusory and provide no basis upon which the pending findings and recommendations should be rejected.  (Doc. No. 37 at 3–4.)

[2]  Indeed, on November 5, 2025, the magistrate judge issued a minute order holding the pending findings and recommendation in abeyance following the filing of plaintiff's belated objections, providing her yet another fourteen days to file either an opposition to defendant Trans Union LLC's motion for judgment on the pleadings or a statement of non-opposition and specifically warning plaintiff that if she did not do so the findings and recommendation would be submitted to the undersigned.  Once again, plaintiff failed to respond to that order in any way and, on January 7, 2026, the findings and recommendations were again submitted for the undersigned's consideration.

Accordingly:

1. The findings and recommendations issued on August 21, 2025 (Doc. No. 35) are adopted in full;

2. This action is dismissed without prejudice due to plaintiff's failure to prosecute and abide by court orders;

3. Defendant Experian Information Solution's motion to dismiss (Doc. No. 18) be denied as having been rendered moot by this order;

4. Defendant Trans Union LLC's motion for judgment on the pleadings (Doc. No. 22) be denied as having been rendered moot by this order;

5. Plaintiff's motions to strike (Doc. Nos. 24, 25) be denied be denied as having been rendered moot by this order; and

6. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:    **March 16, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3